34 F.3d 1065
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Andres Ortiz ORTIZ, Plaintiff, Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.
 No. 94-1172
 United States Court of Appeals,
First Circuit.
 September 2, 1994
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Gilberto Gierbolini, U.S. District Judge]
 Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief for appellant.
 Guillermo Gil, United States Attorney, Maria Hortensia Rios, Assistant U.S. Attorney, and Donna McCarthy, Assistant Regional Counsel, Region I, Department of Health & Human Services., on brief for appellee.
 D. Puerto Rico
 AFFIRMED
 Before Torruella, Chief Judge, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Claimant, Andres Ortiz Ortiz, has appealed a district court judgment affirming a decision of the Secretary of Health and Human Services (the Secretary) which denied Ortiz's application for disability insurance benefits under the Social Security Act, 42 U.S.C. Sec. 401 et seq.. The Secretary concluded that Ortiz was not precluded from performing other substantial gainful activity that existed in the national economy, i.e., the Secretary carried the burden of proof at Step 5 of the sequential review process. See Goodermote v. Secretary of Health & Human Servs., 690 F.2d 5, 7 (1st Cir. 1982). We have reviewed the parties' briefs and the record on appeal. We affirm the judgment of the district court, entered on December 31, 1993, essentially for the reasons stated by the administrative law judge and district court.
 
 
 2
 1. With respect to claimant's contention that the ALJ, a lay
 
 
 3
 person, could not permissibly conclude that claimant
 
 
 4
 retained the residual functional capacity for light work
 
 
 5
 absent an RFC evaluation from a physician, we agree with the
 
 
 6
 district court's analysis. Given the dearth of evidence of
 
 
 7
 any continuing physical impairment, whether claimant's
 
 
 8
 alleged pain imposed any exertional limitation was an issue
 
 
 9
 of credibility to be determined under the standard set forth
 
 
 10
 in Avery v. Secretary of Health and Human Servs., 797 F.2d
 
 
 11
 19 (1st Cir. 1986).
 
 
 12
 2. Plaintiff asserts that the ALJ did not give proper
 
 
 13
 consideration to his allegations of disabling pain. Such
 
 
 14
 allegations of pain must be considered by the ALJ in
 
 
 15
 accordance with Avery. The hearing transcript and findings
 
 
 16
 amply demonstrate that the inquiry into claimant's
 
 
 17
 allegations of pain conformed with Avery.
 
 
 18
 Judgment affirmed.